UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWSON DOUGLAS SHAVER,

    Plaintiff,

v.   Case No. 25-11475
    Hon. Jonathan J.C. Grey

SGT. RAYMILLER, et al.

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CASE**

Before the Court is Plaintiff Dawson Douglas Shaver's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Shaver is presently confined at the Saginaw Correctional Facility in Freeland, Michigan. (*Id.*) Shaver has been allowed to proceed in forma pauperis. (ECF No. 3.) The complaint is now under initial review, as required by the Prisoner Litigation Reform Act ("PLRA"). Because the complaint fails to state a claim upon which relief can be granted, the Court **SUMMARILY DISMISSES** this matter for the reasons stated below.

**I.    BACKGROUND**

The events giving rise to the complaint occurred at the Saginaw Correctional Facility. (ECF No. 1, PageID.3.) Shaver is suing the

following Michigan Department of Corrections ("MDOC") employees in their official capacities only: Sgt. Raymiller, Inspector/PREA[1] Coordinator M. Schaaf, Warden A. Douglas, MDOC Ombudsman, and MDOC Director Heidi Washington (collectively, "Defendants"). (ECF No. 1., PageID.2.)

Shaver alleges that his bunkmate attempted to sexually assault him on March 28, 2025. (*Id.* at PageID.3.) Shaver subsequently filed a kite[2] and was escorted to segregation. (*Id.*) Shortly after the alleged incident, Defendant Raymiller interviewed Shaver in accordance with the PREA. Shaver contends that no further investigation occurred after the interview and that Raymiller refused to speak with him further. (*Id.*) Shaver further alleges that although Defendant Schaaf received his complaint, Schaaf failed to contact him or take any action, such as contacting the Michigan State Police. (*Id.*) Shaver allegedly filed grievances with Defendant Douglas, explaining that his allegations were not being taken seriously. (*Id.*) Lastly, Shaver alleges that Defendants'

---

[1] Based upon the facts described in the complaint, the Court assumes that Shaver's use of "PREA" refers to the Prison Rape Elimination Act, 42 U.S.C. ch. 147 § 15601 et seq. Therefore, the Court will refer to the Act as the "PREA" throughout this Opinion and Order.
[2] Prisoners use the term "kite" to refer to a written note or message.

failure to investigate the incident constitutes cruel and unusual punishment. (*Id.* at PageID.4.) Shaver seeks monetary relief. (*Id.*)

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the Court is authorized to sua sponte dismiss a prisoner complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

3

U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–156 (1978).

### III. ANALYSIS

#### A. Official capacity claims for damages

As an initial matter, Shaver sues Defendants in their official capacities only. A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in federal court, unless the state has waived its immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See*

4

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Section 1983 does not abrogate the states' Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Michigan Dep't of State Police*, 491 U.S. at 66); *see also Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Here, Shaver seeks $5,000,000.00 in compensatory relief. However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g., Lapides*, 535 U.S. at 617. Accordingly, he fails to state a claim upon which relief can be granted against Defendants in their official capacities.

### B. PREA claims

Shaver's complaint asserts that Defendants' mishandling of his PREA complaint violated his federal constitutional right to be free from

5

cruel and unusual punishment. (ECF No. 1, PageID.3–4.) However, he fails to state a viable claim to relief. First, Shaver "has no independent cause of action for any [individual's] failure to comply with the [PREA]." *Beeman v. Heyns*, No. 16-cv-27, 2016 WL 1316771, at *12 n.4 (W.D. Mich. Apr. 5, 2016) (quoting *Montgomery v. Harper*, No. 5:14-cv-P38R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014)) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff.")); *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (citations omitted) ("[O]ther courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape."); *McCloud v. Prack*, 55 F. Supp. 3d 478, 482 n.2 (W.D.N.Y. 2014) (internal quotation marks and citation omitted) ("[N]othing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate."); *McRae v. Myers*, No. 22-1821, 2023 WL 2423590, at *3 (7th Cir. Mar. 9, 2023) (citation omitted) ("And, though PREA is a federal law, it does not create a private cause of action.").

Second, Shaver does not have a constitutional right to compel a proper investigation of his PREA complaint. *See Jacoby v. PREA Coordinator*, No. 5:17-CV-053-MHH-TMP, 2017 WL 2962858, at *4 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate [PREA] investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 WL 2957825 (N.D. Ala. July 11, 2017)); *Gresham v. Granholm*, No. 2:09-cv-231, 2010 WL 104700, at *3 (W.D. Mich. Jan. 7, 2010) (dismissing inmate's Section 1983 claim for refusal to investigate alleged crime by staff). As a result, "[a]n alleged PREA violation, or a failure to adequately investigate an alleged PREA violation may not be raised under 42 U.S.C. § 1983." *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *21 (S.D. Ohio Mar. 17, 2023), *report and recommendation adopted*, 2023 WL 6065130 (S.D. Ohio Sept. 18, 2023). Courts regularly dismiss such claims, even where the facts of a case may raise valid concerns. *Id.*; *see also Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003); *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002). *See also Stringer v. Doe*, 503 F. App'x 888, 890–891 (11th Cir. 2013).

While issues addressed by the PREA are serious and extremely concerning, the PREA does not provide Shaver a basis for a cause of action. Therefore, the claims involving the alleged mishandling of Shaver's PREA complaint must be dismissed. As Shaver does not raise any other claims, the complaint is dismissed in its entirety.

## IV.   CONCLUSION

Accordingly, because Shaver fails to state a claim upon which relief can be granted, the Court hereby summarily **DISMISSES WITH PREJUDICE** the complaint (ECF No. 1) in its entirety. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). **This is a final order that closes the case.**

SO ORDERED.

Date: August 25, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2025.

                           <u>s/ **S. Osorio**</u>
                           Sandra Osorio
                           Case Manager